**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIVIAN SCHAEFER, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br><br>            -against-<br><br>GLOBAL CREDIT COLLECTION CORP.<br><br>               Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff VIVIAN SCHAEFER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant GLOBAL CREDIT COLLECTION CORP. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a law firm that also acts as a debt collector with its principal place of business located in Chicago, IL.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 20, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to CITIBANK, N.A.; and (b) the collection

letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e & g, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding the amount of debts owed and his or her rights as a debtor.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

3

be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO VIVIAN SCHAEFER

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to March 20, 2018 Plaintiff allegedly fell behind on payments and an obligation allegedly incurred by Plaintiff.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, CITIBANK N.A., directly or through an intermediary, contracted Defendant to collect on an alleged debt.

18. In its effort to collect on same, Defendant Contacted Plaintiff by written correspondence for the first time at some time prior to March 20, 2018.

19. To the best recollection of Plaintiff the initial letter did not disclose any interest accrual disclaimers.

20. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on March 20, 2018 (hereinafter the "letter2" or "correspondence2").  A copy of the correspondence is attached herein as **Exhibit A.**

21. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. Said communication states that the creditor to whom the debt is owed is CITIBANK, N.A.

23. Said Communication, in letter 2, further states:

> "New Balance: $1,233.20
>
> Minimum Payment Due: $351.00"

24. In its effort to collect on same, Defendant Contacted Plaintiff by written correspondence on April 13, 2018 (hereinafter the "letter3" or "correspondence3").   A copy of the correspondence is attached herein as **Exhibit B.**

25. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Said communication states that the creditor to whom the debt is owed is CITIBANK, N.A.

27. Said Communication, in letter3, further states:

> "New Balance: $1,270.20
>
> Minimum Payment Due: $415.00"

28. Both Letter 1 and Letter 2 do not disclose to the consumer that the debt is currently accruing interest.

29. The balance on the account in question increased between March 20, 2018 and April 13, 2018.

30. This account does not accrue interest, costs, or fees.

31. It fails to state what will accrue interest or other charges, The "Amount Now Due" or the "Total Account Balance".

32. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**Count I**
**Violations of 15 U.S.C. §§, 1692e**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

37. While §1692e specifically prohibits certain practices, the list is non exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

38. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

39. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

40. Letter 2, shows a New Balance of $1,233.20 and an Amount Now due in the amount of $351.00, without disclosing that this account may accrue interest and fees.

41. Letter 2, fails to inform plaintiff whether the amount listed is the actual amount of the debt due.

42. Letter2 fails to inform the Plaintiff, which amount would increase, the "Amount now due" or the "Total Account Balance".

43. Letter2 fails to inform Plaintiff whether the amount listed already includes "accrued interest."

44. Letter2 fails to inform Plaintiff whether the amount listed already includes "other charges."

45. Letter2 fails to advise Plaintiff what portion of the amount listed is principal.

46. Letter2 fails to inform Plaintiff whether the amount listed will increase.

47. Letter2 fails to inform Plaintiff what "other charges" might apply.

48. Letter2 fails to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

49. Letter2 fails to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

50. Letter2 fails to inform Plaintiff of the nature of the "other charges."

51. Letter2 fails to inform Plaintiff if there is "accrued interest," what the amount of the accrued interest will be.

52. Letter2 fails to inform Plaintiff if there is "accrued interest," when such interest will be applied.

53. Letter2 fails to inform Plaintiff if there is "accrued interest," what the interest rate is.

54. Letter2 fails to inform Plaintiff if there is "accrued interest," the amount of the money the amount listed will increase per day.

55. Letter2 fails to inform Plaintiff if there is "accrued interest," the amount of the money the amount listed will increase per week.

56. Letter2 fails to inform Plaintiff if there is "accrued interest," the amount of the money the amount listed will increase per month.

57. Letter2 fails to inform Plaintiff if there is "accrued interest," the amount of the money the amount listed will increase per any measurable period.

58. Letter2, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

59. Because the amount listed in letter2, fails to alert the Plaintiff to accruing interest or other charges, the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "New Balance" at any time after receipt of the letter.

60. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter2 fails to indicate the applicable interest rate.

61. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter2 fails to indicate what the amount of the accrued interest will be.

62. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter2 fails to indicate when such interest will be applied.

63. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter2 fails to indicate the amount of money the amount listed will increase at any measurable period.

64. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because letter2 fails to indicate what "other charges" might apply.

65. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because letter2 fails to indicate when such "other charges" will be applied.

66. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because letter2 fails to indicate what the amount of those "other charges" will be.

67. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because letter2 fails to indicate the nature of the "other charges."

68. Letter2 fails to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

69. Letter2 fails to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

70. These failures are purposeful.

71. Defendant does not advise consumers that if the consumer pays the amount listed, that an adjustment may be necessary after Defendant receives payment, in order to induce payments from consumers.

72. Defendant does not advise consumers that if the consumer pays the amount listed, that the Defendant will inform the consumer of the balance difference before depositing payment, in order to induce payments from consumers.

73. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer that if the consumer pays the amount listed, that an adjustment may be necessary after Defendant

receives payment.

74. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer of the difference between the amount listed and the true amount due before depositing payment.

75. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

76. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

77. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

78. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what the amount of those "other charges" will be.

79. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer the nature of the "other charges."

80. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer of the amount of the accrued interest.

81. In order to induce payments from consumers that would not otherwise be made if the

consumer knew the true amount due, Defendant does not inform the consumer when such interest will be applied.

82. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what the interest rate is.

83. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer the amount of money the amount listed will increase during any measurable period.

84. Defendant later sends letter3 to the Plaintiff in a continued attempt to collect the alleged debt in question.

85. Letter3, shows that the balance has increased and has a "New Balance" in the amount of $1,270.20 and an Minimum payment due in the amount of $415.00.

86. The balances showed in letter3 went up, the "New Balance increased by $37.00 while the Minimum payment due increased by $64.00.

87. Letter3 fails to show why the amount increased and why it increased in different proportions between the new balance and the Minimum payment due.

88. Letter3 further fails to advise the least sophisticated consumer that any interest or other charges may continue to accrue.

89. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

90. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading means in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

91. For all of these reasons, the letter is deceptive from the perspective of the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

92. For all of these reasons, the letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

93. For all of these reasons, the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

94. For all of these reasons, Defendant's conduct violates 15 U.S.C. § 1692e

### Count 2
### Violations of 15 U.S.C. §§, 1692f

95. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

96. Section 1692f(1) states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

97. That Defendant's attempt to recover an additional fee in the amount of $37 dollars as it pertains to the entire balance and in the amount of $64 dollars as it pertains to the minimum payment due those additional fees between Letter2 and letter3 are improper.

98. That the additional fees between Letter2 and letter3 is a fee charged and collected by Defendant.

99. That the additional fees between Letter2 and letter3 are not expressly authorized by any

agreement that Plaintiff has with the original creditor.

100. That the additional fees between Letter2 and letter3 is not permitted by any applicable law.

101. That, as and for an alternative, Defendant retains all or a portion of those additional fees between Letter2 and letter3.

102. That Defendant's retention of all or a portion of those additional fees between Letter2 and letter3 is not expressly authorized by any agreement that plaintiff has with the original creditor.

103. That Defendant's statement in its collection letter regarding the increase in balances between letter2 and letter3 is an attempt to collect an amount that is not permitted by the FDCPA, § 1692f(1).

104. That Defendant's statement in its collection letter regarding the additional fees between Letter2 and letter3 constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f(1).


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)      Declaring that this action is properly maintainable as a Class Action and

    (b)      certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq., as Class Counsel;

    (b)      Awarding Plaintiff and the Class statutory damages;

    (c)      Awarding Plaintiff and the Class actual damages;

    (d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.


Dated: August 8, 2018

                        Respectfully submitted,

                        By: __/s/ Ibrahim Abohamra
                        Ibrahim Abohamra. (IA1988)
                        Sirotkin Varacalli & Hamra, LLP
                        110 East 59th Street, Suite 3200
                        New York, New York 10022
                        Phone:  (646) 590-0571
                        *Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


                        */s/ Ibrahim Abohamra*
                        Ibrahim Abohamra

Dated: August 8, 2018